**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ASHLEY AERY,

     Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF TULSA
COUNTY,

     Defendant - Appellee,

and

STANLEY GLANZ, in his individual
capacity; GERALD NUCKOLLS, in his
individual capacity; VIC REGALADO, in
his official capacity as Tulsa County
Sheriff,

     Defendants.

No. 16-5176
(D.C. No. 4:15-CV-00624-CVE-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. _See_
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Plaintiff Ashley Aery appeals the district court's dismissal of her state-law claims against the Board of County Commissioners of the County of Tulsa (the Board). Exercising jurisdiction under 28 U.S.C. § 1291, we reverse the dismissal and remand to the district court with instructions to remand the claims to state court.

This suit arises out of allegations that Tulsa County Deputy Sheriff Gerald Nuckolls sexually assaulted Plaintiff after illegally searching her home. Plaintiff initially filed suit in Tulsa County District Court against Mr. Nuckolls (who is no longer employed by Tulsa County) and his supervisor, then Sheriff of Tulsa County Stanley Glanz, in his individual and official capacities. The complaint alleged federal civil-rights claims under 42 U.S.C. § 1983 and various state-law claims—including tort claims for assault and battery, intentional infliction of severe emotional distress, and unlawful arrest—against Mr. Nuckolls, and alleged that Sheriff Glanz was liable for failures to properly hire, train, supervise, and retain Mr. Nuckolls. The defendants removed the suit to the United States District Court for the Northern District of Oklahoma.

Plaintiff then amended her complaint. The amended complaint could be clearer but apparently it added only new state-law claims against Sheriff Glanz, and named the Board as a defendant for the sole purpose of holding it vicariously liable (as the employer) under state law for the actions of Mr. Nuckolls and Sheriff Glanz, *see* Pl.'s Resp. to Board's Mot. to Dismiss, Aplt. App. at 53–54 (claiming to assert only *state-law* claims for vicarious liability against the Board—"the Oklahoma Government Tort Claims Act . . . claims, and those for excessive force in violation of Okla. Const. Art. 2, § 30"). Later the court substituted Vic Regalado (who became Sheriff during the litigation) as the

2

proper party for any claims against the Sheriff in his official capacity, noting that "Stanley Glanz remain[ed] a party in his individual capacity." Dist. Ct. Order of Apr. 25, 2016, Aplt. App. at 73.

The district court disposed of most of the claims in a manner not disputed by Plaintiff. The court granted Plaintiff's motion to dismiss the claims against Sheriff Glanz in his individual capacity without prejudice. After Sheriff Regalado in his official capacity offered judgment under Fed. R. Civ. P. 68 in the amount of $25,000, the court granted Plaintiff's motion to enter judgment in that amount under the rule. And upon stipulation of the parties, the court entered judgment on all claims against Mr. Nuckolls in the amount of $300,000.

Plaintiff's appeal concerns only the court's dismissal of the Board on the grounds (1) that it was an unnecessary party since the sheriffs were named in their official capacities and (2) that, in any event, the Board could not be held liable for the actions of a sheriff or his deputies because it did not possess supervisory authority over the Sheriff's Office. She argues that Tulsa County (not the Board itself) can be held vicariously liable for the actions of its employees and that Okla. Stat. Ann. tit. 19, § 4 requires that parties sue a county in the name of its board of county commissioners. The district court did not address this argument, probably because the Board's respondeat superior argument was limited to the § 1983 claims.

At this juncture the better course is to leave the matter to the state courts. Under 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdiction over a state-law claim if "the . . . court has dismissed all claims over which it has original

3

jurisdiction." We have advised: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). And in *Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010), we held that the district court erred in granting summary judgment against the plaintiff on a state tort claim because only the state-law issue was left for decision after we affirmed the dismissal of the federal claims. We said that the district court should decline to exercise supplemental jurisdiction over that claim because the state-law issue was "best left for a state court's determination." *Id.* at 1230.

So too here. Particularly in light of the dismissal *without* prejudice of the claims against Sheriff Glanz in his individual capacity, we think there are sufficient questions as to the merits of the state-law claims against the Board that those issues now belong in state court. We therefore direct the district court to remand the state-law claims against the Board back to state court. *See Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1236–37 (10th Cir. 1997) (remanding state-law claim to district court to decline exercise of supplemental jurisdiction and remand claim to state court).

We **REVERSE** the district court's dismissal of the state-law claims against the Board and **REMAND** those claims with instructions to further remand them to state court.

Entered for the Court


Harris L Hartz
Circuit Judge
